### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| GLOBAL DIRECT FLOORING, INC., a Delaware Corporation, and SUS LLC, a Delaware Limited Liability Company, | ) ) ) |
| Plaintiffs, | ) Case No.  15-cv-1180 ) ) JURY TRIAL DEMANDED |
| v. | ) |
| HORIZON FLOORS, INC., a New York Corporation, | ) ) ) |
| Defendant. | ) |

### COMPLAINT

Come Now GLOBAL DIRECT FLOORING, INC. ("GLOBAL DIRECT FLOORING")

and SUS COMPANY, LLC ("SUS") (collectively "Plaintiffs"), by and through their undersigned

attorneys, and for their Complaint against HORIZON FLOORS, INC. ("Defendant"), state as

follows:

### INTRODUCTION

Plaintiffs produce, manufacture, promote, and sell high-quality and luxury hardwood

flooring, laminate flooring, and vinyl flooring products. With a commitment to creating great

flooring products in a range of classic and contemporary styles that are accessible and affordable

for everyone, Plaintiffs created their BAROQUE brand. Through low prices to select dealers,

Plaintiffs ensure customer savings. Further, the company maintains a promise to produce and

manufacture its products in an Earth-friendly fashion. These qualities, and more, are embodied

by the well-known and valuable BAROQUE® Family of Marks, including the BAROQUE

FLOORING® Mark.

Defendant has elected to copy the BAROQUE® Family of Marks, including the

1

BAROQUE FLOORING® Mark, to promote, market, and sell its own flooring products, in direct competition with Plaintiffs. Defendant's use of Plaintiffs' BAROQUE® Family of Marks has caused actual confusion, and will continue to cause such actual confusion, among customers seeking the high-quality, affordable products that Plaintiffs offer in connection with the mark. Accordingly, Plaintiffs have no choice but to commence this action to protect the valuable and well-known BAROQUE® Family of Marks and BAROQUE brand.

## NATURE OF THE ACTION

1.      This is an action for trademark infringement, trademark counterfeiting, false designation of origin, and unfair competition under the Lanham Act (15 U.S.C. § 1051, *et seq.*) and trademark infringement and unfair competition under the common law of the State of Missouri.

## PARTIES

2.      Plaintiff GLOBAL DIRECT FLOORING, INC. is a corporation duly incorporated and organized under the laws of Delaware, having its principal office at 16150 Main Circle Drive, Suite 130, Chesterfield, Missouri 63017, United States.

3.      Plaintiff SUS, LLC is a limited liability company organized and existing under the laws of the State of Delaware, having a principal place of business at 4747 N. 7th Street, Suite 222, Phoenix, Arizona 85214, United States.

4.      Upon information and belief, Defendant HORIZON FLOORS, INC. is a corporation duly incorporated and organized under the laws of New York having a principal place of business at 760 Jericho Turnpike, Westbury, New York 11590, United States.

## JURISDICTION AND VENUE

5.      This Court has original subject matter jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C.§§ 1131 and 1338 and 15 U.S.C. §§ 1116 and 1121.  This Court has supplemental

2

jurisdiction over state law claims under 28 U.S.C. § 1367.

6.      This Court has personal jurisdiction over Defendant, as it does business in the State of Missouri and in this District.

7.      Defendant operates a website (available on the World Wide Web with an Internet address resolving at, for example, the URLs: http://www.horizonfloorsinc.com/index.html; http://www.horizonfloorsinc.com/collection/eng/baroque.html; http://www.horizonfloorsinc.com/collection/eng/Montage%20European%20Oak%20Catalogue.pdf), upon information and belief accessible and viewable by Missouri residents, that promotes the infringing and counterfeit BAROQUE FLOORING® Mark in direct competition with Plaintiffs.

8.      Upon information and belief, Defendant directly and/or through intermediaries such as, for example, All Tile, Inc. (All Tile, Inc.'s website available on the World Wide Web with an Internet address resolving at, for example, the URL http://www.alltile.com/flooring/ and including links to, for example, http://www.casabellafloors.com/category.php?id=1) and Great Britain Tile, Inc. (Great Britain Tile, Inc.'s website available on the World Wide Web with an Internet address resolving at, for example, the URLs: http://greatbritaintile.com/mm5/merchant.mvc?Screen=ABOUT&Store_Code=GBT; http://greatbritaintile.com/horizon-baroque-hardwood.htm) and 55 Flooring (55 Flooring's website available on the World Wide Web with an Internet address resolving at, for example, the URLs: http://www.55flooring.com/about_us; http://www.55flooring.com/wood-flooring/horizon-floors/baroque), promotes, markets, sells, and/or installs competing products under the infringing and counterfeit BAROQUE FLOORING® Mark in various states, including Missouri.

3

9.      Venue is properly founded in this judicial district pursuant to 28 U.S.C. §§ 1391 because a substantial portion of the events giving rise to this action occurred and are occurring in this District, and Defendant is subject to personal jurisdiction in this District.

## BACKGROUND FACTS

10.      Since at least as early as July 1, 2012, Plaintiff SUS, alone and/or through one or more licensees including Plaintiff GLOBAL DIRECT FLOORING, has continuously used BAROQUE FLOORING®, BAROQUE®, and related marks (the "BAROQUE® Family of Marks") in connection with its high-quality and luxury flooring products.

11.      Plaintiff SUS owns the valuable and well-known BAROQUE® Family of Marks, including U.S. Federal Service Mark Registration No. 4,554,864 for BAROQUE FLOORING® (below) in connection with hardwood flooring, laminate flooring, and vinyl flooring, which application for registration was filed August 14, 2013 following first use at least as early as July 1, 2012, and was registered June 24, 2014 (the "BAROQUE FLOORING® Mark").  The BAROQUE FLOORING® Mark has been used continuously, in interstate commerce, and is valid and subsisting.  A copy of the U.S. Registration Certificate for U.S. Federal Service Mark Registration Number U.S. Reg. No. 4,554,864 is attached hereto as **Exhibit 1**.

®

12.      Through Plaintiffs' extensive and continuous use of the BAROQUE FLOORING® Mark, it has become extremely well-known, acquired substantial secondary meaning, and has gained an enormous amount of goodwill associated with the flooring products

and related goods and services marketed, promoted, advertised, and provided, under and in connection with the BAROQUE FLOORING® Mark.  Such flooring products include high-quality and luxury hardwood flooring, laminate flooring, and vinyl flooring.

<u>Defendant's Infringement and Willful Infringement</u>

13.     Upon information and belief, Defendant is using and misappropriating Plaintiffs' BAROQUE® Family of Marks, including the BAROQUE FLOORING® Mark both alone and in connection with a European-styled design element, in connection with flooring products and in direct competition with Plaintiffs for identical flooring goods.

14.     Defendant's use, advertising, marketing, and promotion of the infringing and counterfeit BAROQUE® Family of Marks in connection with Defendant's business and identical flooring goods is causing actual confusion, deception, and mistake, and is likely to be confused with, cause deception with, and cause mistake with, Plaintiffs' extremely well-known BAROQUE® Family of Marks.  Shown in the representative examples below (red highlighting added), the actual and likely confusion arises as a result of, among other things, Defendant's direct and indistinguishable copying and counterfeiting of Plaintiffs' well-known marks:



5



15.     Defendant is using and, upon information and belief, will continue to use the

infringing and counterfeit BAROQUE® Family of Marks on and in connection with, *inter alia*,

promoting, marketing advertising, distributing, selling, and offering for sale of flooring products

in direct competition with Plaintiffs.

16.     Defendant is also using the infringing and counterfeit BAROQUE® Family of

Marks on and in connection with its website available on the World Wide Web with an Internet

address resolving at the URL http://www.horizonfloorsinc.com/.

6

17.     Upon information and belief, Defendant intentionally adopted and counterfeited Plaintiffs' BAROQUE® Family of Marks, including the BAROQUE FLOORING® Mark, with full and complete knowledge of Plaintiffs' valuable and distinctive BAROQUE® Family of Marks.

18.     Plaintiffs have not consented to Defendant's use of, and Defendant is in no way authorized to use, Plaintiffs' well-known BAROQUE® Family of Marks, including the BAROQUE FLOORING® Mark.

19.     Defendant's use of the infringing and counterfeit BAROQUE® Family of Marks, including the BAROQUE FLOORING® Mark, has caused and is continuing to cause confusion, mistake, and/or deception as to the origin, sponsorship, and affiliation of Defendant's flooring products.

20.     Defendant's use of the infringing and counterfeit BAROQUE® Family of Marks, including the BAROQUE FLOORING® Mark, on and in connection with its flooring products is causing and is likely to continue to cause consumers, the public, and the trade, to erroneously believe that Defendant's goods are somehow affiliated, connected, or in some other manner associated with Plaintiffs, and/or that such goods are authorized, sponsored, affiliated, or in some other way approved by Plaintiffs.

21.     Defendant's use of the infringing and counterfeit BAROQUE® Family of Marks, including the BAROQUE FLOORING® Mark, has caused and will continue to cause irreparable harm to Plaintiffs.

22.     Defendant's knock-off of the BAROQUE FLOORING® Mark is a counterfeit of Plaintiffs' well-known BAROQUE FLOORING® Mark.

23.     Defendant's infringing use of the BAROQUE® Family of Marks, including the

BAROQUE FLOORING® Mark, has and will continue to weaken and dilute the distinctive quality of Plaintiffs' well-known BAROQUE® Family of Marks.

24.     The injuries and damages sustained by Plaintiffs have been directly and proximately caused by Defendant's wrongful adoption and use of Plaintiffs' valuable and well-known BAROQUE® Family of Marks, including the BAROQUE FLOORING® Mark, and, upon information and belief, Defendant's intentional, willful, and wrongful advertisement, marketing, promotion, distribution, sale, and offers of sale of directly-competing flooring under and in connection with the infringing and counterfeit BAROQUE® Family of Marks.

25.     Upon information and belief, Defendant's wrongful acts are calculated to confuse and deceive the relevant public.

26.     Upon information and belief, and in view of at least the facts and allegations set forth in Mohawk Carpet Distribution, Inc.'s separate and independent complaint against Defendant HORIZON FLOORS, INC. and others in the case captioned *Mohawk Carpet Distribution, Inc. v. Horizon Floors, Inc., et al.* (Case No. 1:15-cv-00966-LMM) pending in the United States District Court for the Northern District of Georgia, Defendant has exhibited a pattern of wrongful, infringing, and counterfeit acts in serial disregard of the intellectual property rights of others.  A copy of the complaint in *Mohawk Carpet Distribution, Inc. v. Horizon Floors, Inc., et al.* (Case No. 1:15-cv-00966-LMM) is attached hereto as **Exhibit 2**.

## COUNT I
### (Trademark Infringement - 15 U.S.C. § 1114)

27.     Plaintiffs reallege and incorporate by reference each and every allegation set forth in Paragraphs 1 through 26 of this Complaint as if fully set forth and restated herein.

28.     Defendant's use of Plaintiffs' BAROQUE® Family of Marks, including the BAROQUE FLOORING® Mark, on and in connection with Defendant's flooring products, is

8

causing, and is likely to continue to cause, mistake, confusion and deception among the relevant

public as to the source of origin of Defendant's goods, and is likely to deceive the public into

believing that such goods originate from, are associated with, and/or are otherwise authorized by

Plaintiffs, all to the damage and detriment of Plaintiffs' reputation and goodwill.

29.     Upon information and belief, Defendant acted willfully and intentionally in using

Plaintiffs' BAROQUE® Family of Marks, including the BAROQUE FLOORING® Mark,

knowing that such use will and is likely to cause confusion, mistake and deception.  The

knowing and intentional nature of the acts set forth herein renders this an exceptional case.

30.     As a result of Defendant's activities, Plaintiffs have suffered substantial damages,

as well as the continuing loss of goodwill and reputation.  Plaintiffs do not have an adequate

remedy at law and, if Defendant's activities are not enjoined, Plaintiffs will continue to suffer

irreparable harm and injury to their valuable mark, goodwill and reputation.

31.     As a result of Defendant's activities, Plaintiffs have been damaged in an amount

to be ascertained at trial.

## COUNT II
### (Trademark Counterfeiting - 15 U.S.C. § 1114)

32.     Plaintiffs reallege and incorporate by reference each and every allegation set forth

in Paragraphs 1 through 31 of this Complaint as if fully set forth and restated herein.

33.     Defendant has used, and is using, a counterfeit of Plaintiffs' valuable BAROQUE

FLOORING® Mark in interstate commerce in connection with Defendant's counterfeit goods in

such a fashion and design as to imitate, counterfeit, copy, and reproduce Plaintiffs' BAROQUE

FLOORING® Mark, goods and services.

34.     Defendant's infringing and counterfeit use of Plaintiffs' valuable BAROQUE

FLOORING® Mark is use, without authorization, of a spurious designation that is identical to,

9

or substantially indistinguishable from, Plaintiffs' well-known BAROQUE FLOORING® Mark.

35.     Upon information and belief, Defendant's wrongful counterfeiting was done with the purpose of exploiting and trading on the substantial goodwill and reputation of Plaintiffs as symbolized by the well-known BAROQUE FLOORING® Mark.  Such intentional acts on the part of Defendant have damaged Plaintiffs' goodwill and caused Plaintiffs immediate and irreparable damage.

36.     Upon information and belief, Defendant had actual knowledge of Plaintiffs' exclusive rights in its BAROQUE FLOORING® Mark and willfully and deliberately infringed upon Plaintiffs' rights in and used a counterfeit of Plaintiffs' BAROQUE FLOORING® Mark.

37.     Such acts by Defendant constitute trademark infringement and counterfeiting, in violation of Section 32 of the Lanham Act, 15 U.S.C. §1114, *inter alia*.

38.     Upon information and belief, Defendant has made and will continue to make substantial profits from its infringing and counterfeit use of Plaintiffs' BAROQUE FLOORING® Mark, to which Defendant is not in law or equity entitled.

39.     As a result of Defendant's activities, Plaintiffs have suffered substantial damages, as well as the continuing loss of goodwill and reputation.  Plaintiffs do not have an adequate remedy at law and, if Defendant's activities are not enjoined, Plaintiffs will continue to suffer irreparable harm and injury to their valuable mark, goodwill and reputation.

40.     As a result of Defendant's activities, Plaintiffs have been damaged in an amount to be ascertained at trial.

41.     As a result of Defendant's activities, Plaintiffs are entitled to injunctive relief pursuant to 15 U.S.C. § 1125(c)(1).

42.     As a result of Defendant's activities, Plaintiffs are entitled to damages, exemplary

damages, fees, and costs pursuant to 15 U.S.C. § 1125(c)(5).

## COUNT III
### (False Designation of Origin and Unfair Competition - 15 U.S.C. § 1125(a))

43.     Plaintiffs reallege and incorporate by reference each and every allegation set forth in Paragraphs 1 through 42 of this Complaint as if fully set forth and restated herein.

44.     Defendant's use of Plaintiffs' BAROQUE® Family of Marks, including the BAROQUE FLOORING® Mark, on and in connection with Defendant's goods and services, has caused, and is likely to continue to cause, confusion, mistake, and to deceive consumers as to the source of and affiliation, connection, and/or association, of Defendant's goods and services with Plaintiffs' goods and services.

45.     By misappropriating and using the well-known BAROQUE® Family of Marks, including the BAROQUE FLOORING® Mark, Defendant has and is misrepresenting and falsely describing to the general public the origin and source of Defendant's flooring products and related goods and services, and have caused and created a likelihood of confusion among and by the relevant public as to both the source and sponsorship of such goods and services.

46.     Defendant's unlawful, unauthorized and unlicensed advertising, marketing, distributing, offering for sale and/or selling of Defendant's flooring products and related goods and services, has created and creates express and implied misrepresentations that such goods and services were created, authorized and/or approved by Plaintiffs, all to Defendant's improper profit and Plaintiffs' great damage and injury.

47.     Defendant's aforesaid acts are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), in that Defendant's activities constitute false designation of origin, false or misleading description of fact, and/or false or misleading representation of fact.

48.     Plaintiffs have no adequate remedy at law. If Defendant's activities are not

enjoined, Plaintiffs will continue to suffer irreparable harm and injury to their valuable mark, goodwill and reputation.

49.     As a result of Defendant's activities, Plaintiffs have been damaged in an amount to be ascertained at trial.

## COUNT IV
### (Common Law Trademark Infringement)

50.     Plaintiffs reallege and incorporate by reference each and every allegation set forth in Paragraphs 1 through 49 of this Complaint as if fully set forth and restated herein.

51.     Plaintiffs own all rights, title, and interest in, to and under the BAROQUE FLOORING® Mark, including, but not limited to, all common law rights therein.

52.     As a result of Plaintiffs' extensive use and investments in providing, marketing, promoting, advertising, and developing Plaintiffs' BAROQUE® Family of Marks, including the BAROQUE FLOORING® Mark, on and in connection with flooring products and related goods and services, Plaintiffs have acquired and built-up a substantial amount of valuable goodwill in and to its BAROQUE® Family of Marks.  As such, Plaintiffs' BAROQUE® Family of Marks, has become associated with, in the minds of the relevant public, consumers, and the trade, Plaintiffs' licensed flooring products and related goods and services, and has come to symbolize a reputation for quality and excellence.

53.     Defendant, without Plaintiffs' consent or authorization, adopted and used, and is continuing to use, Plaintiffs' valuable and well-known BAROQUE® Family of Marks, including the BAROQUE FLOORING® Mark, on and in connection with goods and services that are identical to, substantially indistinguishable from, counterfeits of, and/or confusingly similar to Plaintiffs' and its licensees' goods and services.

54.     Defendant's acts, to the detriment of Plaintiffs and the unjust enrichment of

Defendant, have caused and continue to cause confusion, mistake, and deception, as to the source and/or sponsorship of the Defendant's goods and services.

55.     Upon information and belief, Defendant's acts constitute willful infringement in violation of the common law of the State of Missouri.

56.     Plaintiffs have no adequate remedy at law.  If Defendant's activities are not enjoined, Plaintiffs will continue to suffer irreparable harm and injury to their mark, goodwill and reputation.  As a result of Defendant's activities, Plaintiffs have been damaged in an amount to be ascertained at trial.

## COUNT VI
### (Common Law Unfair Competition)

57.     Plaintiffs reallege and incorporate by reference each and every allegation set forth in Paragraphs 1 through 56 of this Complaint as if fully set forth and restated herein.

58.     As a result of Plaintiffs' extensive use and investments in providing, marketing, promoting, advertising, and developing Plaintiffs' BAROQUE® Family of Marks, including the BAROQUE FLOORING® Mark, on and in connection with its services and goods, Plaintiffs have acquired and built-up a substantial amount of valuable goodwill in and to its BAROQUE® Family of Marks.  As such, Plaintiffs' BAROQUE® Family of Marks has become associated with, in the minds of the relevant public, consumers, and the trade, Plaintiffs' goods and services and has come to symbolize Plaintiffs' reputation for quality and excellence.

59.     Defendant's acts in adopting and using Plaintiffs' valuable BAROQUE® Family of Marks, including the BAROQUE FLOORING® Mark, has misled and continues to mislead and deceive the public as to the source of Defendant's infringing and counterfeit goods and services, and falsely suggests a connection with Plaintiffs and its licensees goods and services. Defendant has committed unfair competition in violation of the common law of the State of

Missouri.

60.     Plaintiffs have no adequate remedy at law.  If Defendant's activities are not enjoined, Plaintiffs will continue to suffer irreparable harm and injury to its goodwill and reputation. As a result of Defendant's activities, Plaintiffs have been damaged in an amount to be ascertained at trial.

<strong><u>PRAYER</u></strong>

WHEREFORE, Plaintiffs SUS, LLC and GLOBAL DIRECT FLOORING, INC., hereby respectfully pray for judgment in its favor and against Defendant HORIZON FLOORING, INC. as follows:

1.     That this Court enter judgment that Defendant has infringed, and willfully infringed, Plaintiffs' BAROQUE® Family of Marks, including the BAROQUE FLOORING® Mark;

2.     That this Court enter judgment that Defendant has counterfeited, and willfully counterfeited, Plaintiffs' BAROQUE FLOORING® Mark;

3.     That this Court enter a judgment finding that Defendant's use of Plaintiffs' BAROQUE® Family of Marks, including the BAROQUE FLOORING® Mark, has caused and/or is likely to cause and continue to cause confusion among the relevant public as to the source of origin of Defendant's flooring products and constitutes counterfeiting of Plaintiffs' BAROQUE FLOORING® Mark;

4.     That this Court enjoin Defendant and its employees, partners, officers, directors, agents, representative, attorneys, successors, and assigns, and all persons in active concert or participation with any of them, from using the BAROQUE® Family of Marks, including the BAROQUE FLOORING® Mark, and/or any confusingly similar variations thereof, in any manner or form, or any other reproduction, counterfeit, copy, or colorable imitation of such

14

mark, either alone or in combination with any other designation, on or in connection with any advertising, marketing, promoting, offer for sale, or sale of any goods or services; including, but not limited to:

      a.    using any reproduction, counterfeit, copy, or colorable imitation of the BAROQUE® Family of Marks, including the BAROQUE FLOORING® Mark, to identify any goods or the rendering of any services not authorized by Plaintiffs;

      b.    engaging in any course of conduct likely to cause confusion, deception or mistake, or to injure Plaintiffs' and/or its licensees' business reputations or weaken the distinctive quality of the BAROQUE® Family of Marks, including the BAROQUE FLOORING® Mark, or Plaintiffs' name, reputations, or goodwill;

      c.    further infringing the BAROQUE® Family of Marks, including the BAROQUE FLOORING® Mark, by manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, displaying or otherwise disposing of any goods or services not authorized by Plaintiffs bearing any simulation, reproduction, counterfeit, copy or colorable imitation of the BAROQUE® Family of Marks;

      d.    using any simulation, reproduction, counterfeit, copy or colorable imitation of the BAROQUE® Family of Marks, including the BAROQUE FLOORING® Mark, on or in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any unauthorized goods or services in such fashion as to relate or connect, or tend to relate or connect, such goods or services in any way to Plaintiffs, or to any goods or services sold, manufactured, sponsored or approved by, or connected with Plaintiffs;

      e.    making any statement or representation whatsoever, or using any false

15

designation of origin or false description, or performing any act, which can or is likely to lead the

trade or public, or individual members thereof, to believe that any services provided, products

manufactured, distributed, sold or offered for sale, by Defendant are in any way associated or

connected with Plaintiffs, or are provided, sold, manufactured, licensed, sponsored, approved or

authorized by Plaintiffs;

   f.  engaging in any conduct constituting an infringement of the BAROQUE®

Family of Marks, including the BAROQUE FLOORING® Mark, of Plaintiffs' rights in, or to

use or to exploit, said Marks, or constituting any weakening of Plaintiffs' BAROQUE® Family

of Marks and/or goodwill associated therewith;

   g.  secreting, destroying, altering, removing, or otherwise dealing with the

unauthorized products or any books or records which contain any information relating to the

importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for

sale, advertising, promoting, or displaying of all unauthorized services or products which

infringe the BAROQUE® Family of Marks; and

   h.  effecting assignments or transfers, forming new entities or associations or

utilizing any other device for the purpose of circumventing or otherwise avoiding the

prohibitions set forth in subparagraphs (a) through (g) above;

  5.  That this Court order that Defendant deliver to Plaintiffs all unauthorized

materials, or certify to and show proof of the destruction of such materials, bearing the

BAROQUE® Family of Marks, including the BAROQUE FLOORING® Mark, or a colorable

imitation thereof in association with any and all unauthorized goods or services and any

marketing, advertising, promotion, or other use thereof;

  6.  That this Court award Plaintiffs all damages, compensatory and otherwise, from

16

and relating to Defendant's infringement, misappropriation, and all unauthorized use of the

BAROQUE® Family of Marks, including the BAROQUE FLOORING® Mark;

      7.      That this Court enter judgment awarding Plaintiffs three times Defendant's profits

or damages sustained by Plaintiffs, whichever amount is greater, together with prejudgment

interest and reasonable attorneys' fees;

      8.      That this Court award Plaintiffs statutory damages, should Plaintiffs elect such

damages instead of actual damages and profits pursuant to 15 U.S.C. § 1117(c);

      9.      That this Court award Plaintiffs reasonable funds for future corrective advertising;

      10.      That this Court award Plaintiffs its reasonable attorneys' fees and costs incurred

in connection with this action; and

      11.      That this Court grant such other and further relief as this Court deems just and

proper under the circumstances.

## JURY DEMAND

      Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs SUS, LLC and

GLOBAL DIRECT FLOORING, INC. request a trial by jury in this matter.

Dated: July 31, 2015

Respectfully submitted,

BRYAN CAVE LLP

By: \_\_\_/s/ Nick E. Williamson_____
Nick E. Williamson, #56935 MO
nick.williamson@bryancave.com
211 North Broadway, Suite 3600
St. Louis, Missouri 63102
Tel: (314) 259-2000
Fax: (314) 259-2020

***ATTORNEYS FOR PLAINTIFFS
SUS, LLC AND GLOBAL DIRECT
FLOORING, INC.***